# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T JASON NOYE, : | |
| individually and on behalf : | |
| of all others similarly situated, : | No. 1:15-cv-2382 |
|    Plaintiffs : | |
| : | (Judge Kane) |
| v. : | |
| : | |
| JOHNSON & JOHNSON and : | |
| KELLY SERVICES, INC., : | |
|    Defendants : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is Defendant Johnson & Johnson Services, Inc.'s ("Johnson & Johnson") motion to compel arbitration and dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 40.) In the present case, Plaintiff alleges that Defendants Kelly Services, Inc. ("Kelly") and Johnson & Johnson violated the Fair Credit Reporting Act's ("FCRA") disclosure requirements, 15 U.S.C. § 1681b(b)(2) (Doc. No. 1 ¶¶ 5-6, 20, 23, 27, 61), and the requirement to provide applicants with a copy of the report and a description of consumer rights under the FCRA, 15 U.S.C. § 1681b(b)(3)(A) (id. ¶¶ 7-8, 11, 69).[1] For the reasons that follow, the Court will deny Defendant Johnson and Johnson's motion.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, provides the "body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes" and expresses a "strong federal policy in favor of resolving disputes through arbitration." Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F.3d 513, 522 (3d Cir.

---

[1] The background of this case is set forth in the Court's memorandum dated September 7, 2016, which denied Defendant Kelly Services, Inc.'s motion to compel arbitration. (Doc. No. 61.).

1

2009). Even in light of the FAA, arbitration is "strictly a matter of contract." Bel-Ray Co. v. Chemrite (Pty) Ltd., 181 F.3d 435, 444 (3d Cir. 1999). "If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so." Id. "Thus, in deciding whether a party may be compelled to arbitrate under the FAA, we first consider '(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement.'" Flintkote Co. v. Aviva PLC, 769 F.3d 215, 220 (3d Cir. 2014) (quoting Century Indem., 584 F.3d at 527).

Defendant Johnson & Johnson argues that Plaintiff's claims against Johnson & Johnson must be arbitrated pursuant to a valid arbitration agreement executed between Plaintiff and co-Defendant Kelly. (Doc. No. 41 at 8, 20-24.) Defendant attached the Dispute Resolution and Mutual Agreement to Binding Arbitration ("Arbitration Agreement"), to which Johnson & Johnson is not a signatory, to its brief in support of the present motion. (Doc. No. 41-1 at 2-3.) Defendant contends that Plaintiff's claims against Johnson & Johnson are "inextricably intertwined with and inherently inseparable" from the Arbitration Agreement. (Doc. No. 41 at 13, 20.) Plaintiff responds that Defendant Johnson & Johnson, a non-signatory to the Arbitration Agreement, cannot compel Plaintiff to arbitrate his claims against Defendant Johnson & Johnson. (Doc. No. 55 at 8, 11-22.)

At this stage, the Court declines to determine whether Defendant Johnson & Johnson can enforce the Arbitration Agreement as a non-signatory to the agreement. (Doc. No. 41 at 13.) On September 7, 2016, the Court denied co-Defendant Kelly's motion to compel arbitration and determined that Plaintiff and Defendant Kelly were entitled to conduct limited arbitration-related discovery. (Doc. Nos. 61, 62) (citing Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 774 (3d Cir. 2013)). Here, Defendant Johnson & Johnson's motion to compel

arbitration relies upon the same Arbitration Agreement that formed the basis of co-Defendant Kelly's motion and is the subject of the arbitration-related discovery.  (See Doc. Nos. 41, 42.) Therefore, having permitted limited discovery on the validity of the Arbitration Agreement, the Court cannot determine at this stage whether Defendant Johnson & Johnson may enforce the Arbitration Agreement.

      Accordingly, on this 7th day of September 2016, **IT IS HEREBY ORDERED THAT** Defendant Johnson & Johnson Services, Inc.'s motion to compel arbitration and dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 40), is **DENIED WITHOUT PREJUDICE**.  Defendant Johnson & Johnson may re-raise its arbitration arguments following the conclusion of the sixty-day period of arbitration-related discovery.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
