## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T JASON NOYE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON and KELLY SERVICES, INC.,<br><br>Defendants. | Case No. 1:15-cv-02382-YK<br><br>(Hon. Yvette Kane)<br><br>Date Action Filed: December 11, 2015 |

### DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING APPEAL

Pursuant to Rule 8(a)(1)(A) of the Federal Rules of Appellate Procedure, Defendant Johnson & Johnson Services, Inc.[1] (JJSI), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of Its Motion to Stay Proceedings Pending Appeal.[2]

## I. INTRODUCTION[3]

On January 30, 2018, JJSI filed a Renewed Motion to Compel Arbitration and to Dismiss or, in the Alternative, to Stay All Proceedings (Motion to Compel).

---

[1] Plaintiff's Complaint improperly names "Johnson and Johnson" as a Defendant; the correct Defendant entity is Johnson & Johnson Services, Inc.

[2] Out of an abundance of caution, and because this Motion may not be fully briefed and ripe for disposition before JJSI's answer is due, JJSI also requests that the Court—at a minimum—stay all proceedings and deadlines in the case until it rules on the Motion. Concurrent with this Motion, JJSI files a Motion for an Extension of Time to File a Responsive Pleading.

[3] JJSI's prior briefing summarizes the underlying facts and procedural history and JJSI hereby incorporates by reference its prior briefing in this matter. *See* Doc. Nos. 75, 80, 85, 87.

*See* Doc. Nos. 74, 75.  In its Motion to Compel, JJSI, invoking the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, sought an order from this Court compelling Plaintiff to arbitrate his claims against JJSI under an equitable estoppel theory.  Alternatively, JJSI requested the Court stay the proceedings while Plaintiff arbitrated his claims against co-defendant Kelly Services, Inc.

On May 11, 2018, the Court issued an opinion and order denying Defendant's Motion to Compel and Stay Proceedings pending the arbitration involving Plaintiff and Kelly Services.  *See* Doc. Nos. 88 (Memorandum Opinion or Memo. Op.), 89 (Order).

On May 29, 2018, pursuant to Sections 16(a)(1)(A) and (C) of the FAA – which authorize appeals from orders refusing to compel arbitration or denying a stay pending arbitration – JJSI timely filed its Notice of Appeal to the United States Court of Appeals for the Third Circuit from the Court's May 11 Order and Memorandum Opinion.

## II.    JJSI IS ENTITLED TO A STAY OF ALL PROCEEDINGS

JJSI's appeal compels the entry of a stay in this case.  Under controlling Third Circuit precedent, the filing of an appeal permitted under Section 16 of the FAA such as JJSI's "automatically deprives the trial court of jurisdiction to proceed until such time as the appeal is fully litigated or deemed to be frivolous or forfeited."  *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007)

("express[ing] [its] agreement with the majority rule of automatic divestiture where the Section 16(a) appeal is neither frivolous nor forfeited"); *see also Kim v. Dongbu Tour & Travel, Inc.*, 529 F. App'x 229, 233 (3d Cir. 2013) ("[A]n appeal from an order denying a motion for arbitration divests a district court of jurisdiction over the action that a party seeks to have submitted to arbitration, and thus the appeal automatically stays proceedings in the district court."); *Bucher v. Am. Health & Life Ins. Co.*, No. 14-659, 2014 WL 5464857, at *1 (W.D. Pa. Oct. 28, 2014) (same).

This Court's order denying JJSI's motion to compel arbitration or stay proceedings pending the Plaintiff/Kelly Services arbitration is immediately appealable. *See* 9 U.S.C. § 16(a)(1)(A), (C) (stating that "[a]n appeal may be taken from . . . an order . . . (A) refusing a stay of any action under section 3 of this title" or "(C) denying an application under section 206 of this title to compel arbitration"); *see also Devon Robotics, LLC v. DeViedma*, 798 F.3d 136, 141 (3d Cir. 2015) (Section 16(a)(1)(C) "provides for appellate jurisdiction of certain categories of interlocutory orders, including orders 'denying an application . . . to compel arbitration"); *Jones v. Does 1-10*, 857 F.3d 508, 511 n.2 (3d Cir. 2017) (noting that the "District Court's order denying [defendant's] motion to dismiss or to stay pending arbitration under 9 U.S.C. § 3 is immediately appealable under 9

U.S.C. § 16(a)(1)" (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 628 (2009) (same))).[4]

Moreover, JJSI's appeal of the May 11 Order is neither "frivolous" nor "forfeited." *Ehleiter*, 482 F.3d at 215 n.6.[5] An appeal is "frivolous" if "upon review of the record and the law, [the appeal] lacks 'colorable support.'" *Kirleis v. Dickie, McCamey & Chicolte, PC*, No. 06-1495, 2007 WL 3023950, at *3 (W.D. Pa. Oct. 12, 2007) (citing *Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993)). An appeal is "forfeited" if it is not timely filed. *See, e.g.*, *Bucher*, 2014 WL 5464857, at *1 ("[T]here is no dispute that the appeal in this case was timely and thus not forfeited.").

JJSI's appeal is not "forfeited" because it was timely filed and the May 11 Order clearly is appealable under FAA § 16(a)(1). *Supra* at 6. It is not frivolous as there are ample, non-frivolous grounds for appeal. The Court's May 11 Order confirms as much, spanning 19 pages addressing the parties' extensive briefing – including supplemental briefing to address an intervening decision from the Third

---

[4]    That JJSI's motion sought dismissal of Plaintiff's claims in the alternative does not alter the appealability of the Court's May 11 Order. *See Devon Robotics*, 798 F.3d at 147 ("[W]e do not read § 16 as barring jurisdiction where both a motion to compel arbitration and a motion to dismiss (or a motion for summary judgment) are made in the alternative. While the FAA does not discuss a remedy of dismissal, it does not explicitly preclude request for multiple forms of relief, and in *Guidotti* [*v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764 (3d Cir. 2013)], we exercised jurisdiction under § 16 where the defendants filed motions to dismiss simultaneously with their motions to compel arbitration." (citing *Guidotti*, 716 F.3d at 767)); *see also Jones*, 857 F.3d at 511 ("[O]rder denying [defendant's] motion to dismiss or to stay pending arbitration under . . . is immediately appealable under § 16(a)(1)").

[5]    District courts within the Third Circuit routinely make this determination when deciding a party's motion to stay proceedings pending appeal. *See, e.g.*, *Virtu KCG Holdings LLC v. Min Li*, No. 17-8296, 2018 WL 1627439, at *1 (D.N.J. Apr. 30, 2018); *Bucher*, 2014 WL 5464857, at *1-2; *Guidotti*, 2012 WL 3262461, at *1; *Kirleis*, 2007 WL 3023950, at *2-3.

Circuit – on the question of whether a non-signatory to an arbitration agreement can enforce that agreement under state-law principles of equitable estoppel. There are, moreover, well-supported arguments for reversal of the refusal to compel arbitration on equitable estoppel grounds as to which, at a minimum, reasonable minds could differ. The same is true of the arguments for reversal of the refusal to stay pending the Plaintiff/Kelly arbitration given that, together with the Court's refusal to compel arbitration, that ruling means essentially identical claims would proceed simultaneously against Kelly in arbitration and against JJSI in this Court, in turn risking inconsistent results. There is no conceivable argument that JJSI's appeal "lacks 'colorable support.'"

## III.    **CONCLUSION**

For all of the foregoing reasons, this Court should grant Defendant JJSI's Motion to Stay Proceedings Pending Appeal.

Respectfully Submitted,

**REED SMITH LLP**

By: */s/ Carolyn P. Short*
Carolyn P. Short (Pa. ID 38199)
Shannon E. McClure (Pa. ID 164502)
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel. (215) 851-8100
Fax (215) 851-1420

Michael O'Neil
10 S. Wacker Drive
Chicago, Illinois 60606
Tel. (312) 207-2879
Fax (312) 207-6400

*Attorneys for Defendant*
*Johnson & Johnson Services, Inc.*

DATED:  May 29, 2018

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.


By*: /s/ Shannon E. McClure*
Shannon E. McClure