UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **T JASON NOYE,**<br>individually and on behalf<br>of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**JOHNSON & JOHNSON,**<br><br>Defendant. | Case No. 1:15-cv-02382-YK<br><br><br>**CLASS ACTION** |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT JOHNSON & JOHNSON SERVICES, INC.'S MOTION TO STAY PROCEEDINGS PENDING APPEAL AND ITS MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING

James A. Francis (PA 77474)
David A. Searles (PA 21471)
FRANCIS & MAILMAN, P.C.
Land Title Building, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
Tel. (215) 735-8600

Marielle R. Macher (PA 318142)
COMMUNITY JUSTICE PROJECT
118 Locust Street
Harrisburg, PA 17101
Tel. (717) 236-9486

Date: June 22, 2018          *Attorneys for Plaintiff and the Class*

On May 11, 2018, this Court entered an Order denying Defendant Johnson & Johnson Services, Inc.'s ("J&J") Renewed Motion to Compel Arbitration or, in the Alternative, Stay all Proceedings.  ECF 88, 89, reported at *Noye v. Johnson & Johnson*, 2018 WL 2199911 (M.D. Pa. May 11, 2018).  J&J has appealed the Court's Order and has filed a Motion to Stay Proceedings Pending Appeal (ECF 91), and a Motion for Extension of Time to File Responsive Pleading (ECF 93).

Plaintiff T Jason Noye, through counsel, hereby responds in opposition to J&J's two motions.  As set forth below, the request for a stay should be denied and J&J should be ordered to file an Answer to Plaintiff's Complaint.[1]

## J&J DOES NOT MEET THE STANDARD FOR A STAY OF PROCEEDINGS

**A.   Legal Standard**

The Third Circuit has held that the filing of an interlocutory appeal from an order denying a motion to compel arbitration will deprive a trial court of jurisdiction pending the appeal, ***unless*** the appeal is frivolous or forfeited.[2]  *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n. 6 (3d Cir. 2007).  An appeal is frivolous if it lacks "colorable support."  *Nagle v. Alspach,* 8 F.3d 141, 145 (3d Cir. 1993).  Evaluating

---

[1] Plaintiff's prior briefing addresses the record developed during the discovery ordered by the Court and his legal arguments supporting his opposition to J&J's attempt to compel arbitration.  The prior briefing is hereby incorporated by reference.  *See* ECF nos. 77, 86.

[2] An appeal is "forfeited" if not timely filed, which is not an issue in this case.

1

whether an appeal is frivolous is an objective test, focusing "on the merits of the appeal regardless of good or bad faith." *Hilmon Co. (V.I.) Inc. v. Hyatt Int'l,* 899 F.2d 250, 253 (3d Cir. 1990).

## B.     J&J's Appeal Lacks Colorable Support

J&J's appeal of this Court's order denying the motion to compel arbitration lacks colorable support for a number of reasons.

It is undisputed that Plaintiff Noye did not enter into an arbitration agreement with J&J. While the Court found that Plaintiff did enter into an arbitration agreement with Kelly Services, Inc. (ECF 83, 84),³ J&J was not a signatory to that agreement. A court may only compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute. *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 194 (3d Cir. 2001). As such, J&J cannot compel Plaintiff to arbitration unless Plaintiff is "equitably estopped" from avoiding arbitration. ECF 88 at p. 5.

Equitable estoppel cannot be applicable where the claims alleged do not relate directly to the terms of the agreement containing the arbitration clause, *i.e.*, are not "intimately founded in and intertwined with the underlying contract obligations."⁴

---

³ Following this Court's decision granting Kelly's renewed motion to compel arbitration, arbitration of Mr. Noye's claims against Kelly was commenced with the American Arbitration Association on November 20, 2017. The arbitration is currently proceeding.

⁴ Claims are "intertwined with the underlying contractual obligations" of an agreement containing an arbitration clause when the plaintiff "must rely on the terms of the agreement to

2

*DuPont,* 269 F.3d at 199. Plaintiff's claims have nothing to do with the Kelly arbitration agreement for two reasons: 1) they are statutory claims that are in no way premised on the terms of that contract; and 2) they are claims against J&J, which have different factual predicates than the claims against Kelly (which are already the subject of a pending arbitration proceeding). Here, while Plaintiff claims that both J&J and Kelly violated section 1681b(b)(3) of the Fair Credit Reporting Act, those claims are based on different factual circumstances and independently executed actions and omissions by the two defendants. The claims are not intertwined; they can proceed separately, in different forums, and their merits as against J&J may be adjudged without reference to the merits against Kelly. Plaintiff's claims against J&J have absolutely nothing to do with the terms of Kelly's freestanding arbitration agreement.

## **CONCLUSION**

That Plaintiff is not equitably estopped from avoiding arbitration in this case is a conclusion as to which reasonable minds cannot differ.[5] Based on the factual

---

assert its claims against the nonsignatory [,] such that the [plaintiff's] claims make reference to or presume the existence of the written agreement, or the [plaintiff's] claims arise out of and relate directly to the written agreement." *Bannett v. Hankin*, 331 F. Supp. 2d 354, 359 (E.D. Pa. 2004) (citations omitted). If a plaintiff's claims are not based on the agreement containing the arbitration clause, then the non-signatory defendant cannot demonstrate equitable estoppel. *Id.*

[5]   J&J attempts to tout the issue as complex because the Court's opinion was 19 pages long. Def. Mem. at 4. Actually, the first 15 pages simply summarized the law and the parties' respective arguments. The reality is the Court had no trouble whatsoever in straightforwardly rejecting the Defendant's equitable estoppel argument in less than two pages. ECF 88 at pp. 16-17.

circumstances of this case as developed in the record, and given the precedence of binding Third Circuit law, it is clear that J&J has no colorable argument that Plaintiff is bound to arbitrate his dispute with J&J.

Plaintiff respectfully requests that J&J's Motions for a stay and for an extension of time to answer Plaintiff's Complaint be denied.

Respectfully submitted,

Dated:  June 22, 2018      **FRANCIS & MAILMAN, P.C.**

*s/ James A. Francis*
James A. Francis (PA 77474)
David A. Searles (PA 21471)
Land Title Building, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
Tel. (215) 735-8600

Marielle Macher (PA 318142)
**COMMUNITY JUSTICE PROJECT**
118 Locust Street
Harrisburg, PA 17101
Tel. (717) 236-9486

***Attorneys for Plaintiff and the Class***

4

## CERTIFICATE OF CONFORMANCE WITH
## M.D. PA. LOCAL RULE 7.8(b)(2)

I hereby certify pursuant to Local Rule 7.8(b) that the foregoing Plaintiff's Memorandum of Law in Support of Plaintiff's Opposition to Defendant Johnson & Johnson Services, Inc.'s Motion to Stay Proceedings Pending Appeal and Its Motion for Extension of Time to File Responsive Pleading does not exceed 5,000 words. Specifically, the word count function of my firm's word-processing software indicates that the text and footnotes in the body of this Memorandum comprise 889 words.

*s/ James A. Francis*
James A. Francis

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

*s/ James A. Francis*
James A. Francis