# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T JASON NOYE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON and KELLY SERVICES, INC.,<br><br>Defendants. | Case No. 1:15-cv-02382-YK<br><br>(Hon. Yvette Kane)<br><br>Date Action Filed: December 11, 2015 |

### JOHNSON & JOHNSON SERVICES, INC.'S OMNIBUS REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING APPEAL AND MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING

Defendant Johnson & Johnson Services, Inc. (JJSI) respectfully submits this Omnibus Reply Brief in further support of its Motion to Stay Proceedings Pending Appeal (ECF Nos. 91-92) and Motion for Extension of Time to File Responsive Pleading (ECF No. 93) and in response to Plaintiff T Jason Noye's (Plaintiff) Responses to these motions (ECF Nos. 97 and 99).

### I. PLAINTIFF CONCEDES A STAY IS REQUIRED IF THE APPEAL IS NOT FRIVOLOUS, AND JJSI'S APPEAL IS FAR FROM FRIVOLOUS

As JJSI has explained and Plaintiff concedes, binding Third Circuit precedent requires this Court to stay proceedings pending JJSI's appeal unless the appeal is frivolous. (ECF No. 92, at 2-3 (citing *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); ECF No. 97-1, at 1-2 & n.2.) Any higher

standard, after all, would contravene the well-established rule that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)), *cited in Ehleiter*, 482 F.3d at 215 n.6.

Moreover, in the specific context of orders denying motions to compel arbitration, a higher standard would undermine Congress's choice in the Federal Arbitration Act to authorize immediate appeal:

> By providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums. . . .   [T]he underlying reasons for allowing immediate appeal of a denial of a motion to compel arbitration are inconsistent with continuation of proceedings in the district court, and a non-frivolous appeal warrants a stay of those proceedings.

*Blinco*, 366 F.3d at 1251-52; *see Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997) ("Continuation of proceedings in the district court [following a Section 16 appeal] largely defeats the point of the appeal."), *cited in Ehleiter*, 482 F.3d at 215 n.6; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.").

Plaintiff does not come close to showing, as he thus must, that JJSI's appeal is frivolous. JJSI's appeal is not frivolous for many reasons. JJSI respectfully refers the Court to JJSI's earlier briefs in support of its renewed motion to compel arbitration (ECF Nos. 75, 80, 85, 87), and adds the following brief points.

*First*, as its very name reflects, equitable estoppel requires courts to look at the specific facts and circumstances in each case. Here, the employment relationship between Plaintiff and Kelly Services, Inc. ("Kelly") compels arbitration of those claims as to Kelly. And it is this exact employment relationship that forms the entire basis of Plaintiff's claims against JJSI. In these circumstances, it is far from frivolous for JJSI to ask the Third Circuit to consider whether equitable estoppel would require Plaintiff to arbitrate with JJSI as well.

*Second*, neither Plaintiff nor the Court has cited any case directly on point with the facts presented here—let alone one from the Pennsylvania or Michigan state courts that, the parties and the Court have agreed, supply the relevant law. (ECF No. 88, at 6 n.2.) That too shows that the appeal is not frivolous.

*Third*, and more specifically, no binding precedent has been cited to support the importance the Court appeared to place on whether "Plaintiff maintains a separate means of recovering." (ECF No. 88, at 17.) The Court cited federal court opinions that did not cite or purport to apply Pennsylvania or Michigan law in support of the "separate means of recover[y]" proposition. (ECF No. 88, at 17

(citing *Devon Robotics v. DeViedma*, No. 09-cv-3552, 2009 WL 4362822, at *5 (E.D. Pa. Nov. 30, 2009) (relying on Eleventh Circuit opinion); *Miron v. BDO Seidman, LLP*, 342 F. Supp. 2d 324, 333 (E.D. Pa. 2004) (quoting from Eleventh Circuit opinion).) The Pennsylvania and Michigan cases that JJSI actually cited did not contain this "separate means of recover[y]" test. *See, e.g.*, *Dodds v. Pulte Home Corp.*, 909 A.2d 348, 351 (Pa. Super. Ct. 2006); *Tobel v. AXA Equitable Life Ins. Co.*, No. 298129, 2012 WL 555801, at *9, *12 (Mich. Ct. App. Feb. 21, 2012).

Any suggestion that a "separate means of recover[y]" would be fatal to an application of equitable estoppel (ECF No. 88, at 17) is also not supported by Third Circuit case law. The Third Circuit has established that non-signatories to an arbitration agreement can compel arbitration through estoppel. *White v. Sunoco, Inc.*, 870 F.3d 257, 262 (3d Cir. 2017). Where, like here, the non-signatory (JJSI) insists on arbitration, and has a "close relationship" with the entities involved in the contract (Kelly Services, Inc. and Plaintiff), and where there is a close relationship between the "alleged wrongs" to the non-signatory's obligations and duties in the contract, such that the claims are "intimately founded in" and "intertwined with the underlying contract obligations," courts may bind a signatory (Plaintiff) to arbitrate with a non-signatory (JJSI). *See, e.g., E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 199 (3d Cir. 2001) (internal quotation marks omitted).

Here, Plaintiff's Complaint establishes that there is a close relationship between JJSI and Kelly. Moreover, JJSI and Kelly's relationship is so close that but for this close relationship, Plaintiff would have no basis to bring a lawsuit against JJSI. Additionally, Plaintiff brings his claims against Kelly and JJSI, relying on an identical set of alleged facts and expressly alleges that Kelly acted "on behalf of" JJSI. (ECF No. 1, at ¶ 30.) Plaintiff's allegations make clear that he asserted related grievances against both Kelly and JJSI, based on their cohesive, combined conduct in allegedly failing to provide him with the requisite Fair Credit Reporting Act notices. Thus, Plaintiff tellingly does not deny that his theory is one of "concerted misconduct." (ECF No. 86, at 6-11.)

*Fourth*, while JJSI recognizes that this Court has denied the motion to stay proceedings pending Kelly's arbitration (ECF No. 89), some weight should be given to how, absent a stay pending appeal, essentially identical claims will proceed simultaneously against Kelly in arbitration and against JJSI in this Court, which risks inconsistent verdicts and a waste of party and court resources. *See, e.g.*, *Bradford-Scott*, 128 F.3d at 505 ("Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals.").

Thus, there are ample, non-frivolous grounds for appeal. At a minimum, JJSI's appeal is not "wholly without merit" and does not "lack colorable support." *Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993). A stay is thus required.

## II.   THIS COURT SHOULD GRANT JJSI'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING

At a minimum, this Court should extend the time for JJSI to file a responsive pleading until three weeks after the Motion to Stay Proceedings is resolved by this Court or, if necessary, the Third Circuit. JJSI notes that should this Court deny JJSI's Motion to Stay Proceedings Pending Appeal, JJSI plans to renew its request for a stay in the Third Circuit. *See Ehletier*, 482 F.3d at 215 n.6 (noting how the Court granted a motion for stay filed there).

## III.   CONCLUSION

For all the foregoing reasons and those articulated in Defendant Johnson & Johnson Services, Inc.'s Motion to Stay Proceedings Pending Appeal and Motion for Extension of Time to File Responsive Pleading, this Court should grant both of JJSI's Motions.

Respectfully Submitted,

**REED SMITH LLP**

By: */s/ Carolyn P. Short*
Carolyn P. Short (Pa. ID 38199)
Shannon E. McClure (Pa. ID 164502)
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel. (215) 851-8100

Fax (215) 851-1420

Michael O'Neil
10 S. Wacker Drive
Chicago, Illinois 60606
Tel. (312) 207-2879
Fax (312) 207-6400

*Attorneys for Defendant*
*Johnson & Johnson Services, Inc.*

DATED:  July 6, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

 

*s/ Shannon E. McClure*
Shannon E. McClure